UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| METTAYA POTTER, | : | |
| | : | |
| Plaintiff, | : | Case No.: |
| | : | |
| vs. | : | |
| | : | |
| MAGGIE'S MANAGEMENT GROUP, LLC, | : | |
| | : | |
| Defendant. | : | NOVEMBER 14, 2016 |

Jury Trial Demanded

## COMPLAINT

Plaintiff, Mettaya Potter, by and through her attorneys, Sabatini and Associates, LLC, complaining of the defendant, Maggie's Management Group, LLC, respectfully alleges:

## PARTIES

1. Plaintiff Mettaya Potter was and is a Connecticut citizen residing in the Town of Manchester.

2. Defendant is Maggie's Management Group, LLC a corporation organized and existing under the laws of the State of Connecticut with a principal place of business located at 199 Park Road, Suite 107, Middlebury, Connecticut 06804.

3. At all times material, plaintiff was an employee within the meaning of the ADA Amendments Act of 2008 (ADAAA).

4. At all times material, defendant was an employer within the meaning of the ADAAA.

5. At all times material, plaintiff was an employee within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

6. At all times material, defendant was and employer within the meaning of the Connecticut Fair Employment Practices Act (CFEPA) C.G.S. §46a-60(a) *et seq.*

## JURISDICTION AND VENUE

7. The Court has jurisdiction pursuant to 28 U.S.C. §1331 and 28 U.S.C. §1343 and this action is brought pursuant to: The Americans with Disabilities Act Amendments Act of 2008, cited as 42 U.S.C. §12101.

8. This Court has personal jurisdiction over the Parties and venue is proper under 28 U.S.C. §1391(b) in that a substantial part of the events or omissions giving rise to the claim occurred in the State of Connecticut.

9. The Court has pendent jurisdiction over the state law claims.

## GENERAL ALLEGATIONS

10. Defendant owns and operates Maggie McFly's restaurants.

11. Defendant hired plaintiff on September 1, 2014

12. Defendant terminated Plaintiff's employment on February 1, 2016.

13. At the time of termination, Plaintiff's job title was assistant general manager at Respondent's Glastonbury, Connecticut restaurant location.

14. Plaintiff was qualified for the job.

15. Defendant had promoted Plaintiff twice.

16. Plaintiff earned and received bonuses.

17. The bonuses earned and received by Plaintiff were performance based.

18. Defendant employs Sam Nogiec.

19. Nogiec is a general manager.

20. Nogiec supervises employees.

21. Defendant employs Jenette Candee.

22. Candee is a regional manager.

23. Candee supervises employees.

24. Plaintiff has a mental disability.

25. Plaintiff suffers from depression and anxiety.

26. Plaintiff has suffered anxiety attacks.

27. The conditions are chronic.

28. Plaintiff takes prescription medication for the mental disability.

29. Plaintiff is under the care of a health care provider for the mental disability.

30. The depression and anxiety substantially limits one or major life activity including concentration.

31. At the time of termination, Plaintiff was working at Defendant's Glastonbury, Connecticut restaurant.

32. Defendant employs Ruth Schulsinger.

33. Schulsinger is an executive manager.

34. On or about January 24, 2016, Plaintiff notified Defendant that she needed to go to the doctor.

35. On January 24, 2016, Plaintiff notified Candee that she had an anxiety attack and that she was planning on seeing doctor that week.

36. On or about January 27, 2016, Plaintiff notified Schulsinger that her anxiety was at a heightened state and she had to go to the doctor on January 28 in the morning. Plaintiff further stated she was not sure if she would be able to arrive to work by noon time. She asked if a closing manager could switch shifts with her.

37. Plaintiff arrived to work at 1/1:30 p.m.

38. Schulsinger telephoned Plaintiff and Plaintiff told her: (a) she had another doctor's appointment scheduled for January 29; (b) she was not feeling 100% but she can and will do her job; and (c) that she was under a doctor's care and on medication.

39. Schulsinger told Plaintiff to go home.

40. Plaintiff told Defendant that she would be working on Friday (January 29) as scheduled.

41. On January 29, Plaintiff sees her doctor and was cleared for work.

42. Plaintiff calls Defendant and tells Defendant that she will be at work on time.

43. Plaintiff supplied a doctor's note to Defendant on or about January 29 that stated that she was able to work without restriction.

44. Defendant, by and through Nogiec, called Plaintiff and told her that Defendant wanted her to stay out-of-work over the weekend and that she will meet with Schulsinger and Candee on Monday.

45. On February 1, 2016, Plaintiff met with Schulsinger, Candee and Kaelyn Shank (HR employee).

46. During this February 1 meeting, Plaintiff was asked what was going on and where do we go from here.

47. During this meeting, Plaintiff notified the Defendant during this meeting that she suffers from depression, that she has suffered from depression for extended period of time, and that she takes medication at times for the depression.

48. During this meeting, Plaintiff informed Defendant that she can handle her job and that her job was a priority.

49. Candee told Plaintiff that: she does not trust Plaintiff being alone in the restaurant; that she was unreliable; and unmanageable.

50. Candee told Plaintiff: how do we know we can trust you with the restaurant knowing the way that you are.

51. During the course of her employment, Defendant had Plaintiff train other employees.

52. During the course of her employment, Defendant had Plaintiff help open one of its restaurant locations.

53. During the course of her employment, Plaintiff had not received any form of discipline nor any type of performance improvement plan.

54. At the time of her termination, Plaintiff was working as a manager at the highest volume restaurant operated by Defendant.

55. Plaintiff performed her job at or above a satisfactory level.

56. At no time in January or February 2016 did the Defendant provide Plaintiff with FMLA paperwork including the FMLA certification form.

57. Plaintiff can perform the essential functions of her job with or without a reasonable accommodation.

58. Defendant provides sick and/or personal time to its employees including Plaintiff.

59. At the time of her termination, Plaintiff had available sick and/or personal time.

60. Defendant terminated plaintiff's employment on February 1, 2016.

61. Excuses offered by defendant, if any, to explain the termination decision would be a pretext to mark unlawful discrimination and/or retaliation.

62. Defendant regarded plaintiff as being disabled.

63. Plaintiff filed charges against defendant on or about March 3, 2016 with the Connecticut Commission on Human Rights and Opportunities (CHRO).

64. Plaintiff received a Release of Jurisdiction from the CHRO (copy attached as Exhibit 1) on August 16, 2016.

65. Plaintiff filed charges against defendant on the following date: March 3, 2016 with the Equal Employment Opportunity Commission (EEOC).

66. Plaintiff has requested a right to sue letter from the EEOC and is awaiting receipt of the same. Once received it will be attached to this Complaint as Exhibit 2.

## FIRST COUNT
### (Disability Discrimination in Violation of the ADAAA)

1. Plaintiff repeats the allegations in paragraphs 1 through 66 above as if fully incorporated herein.

67. Defendant's actions violate the Americans with Disabilities Act Amendments Act of 2008, which prohibits discrimination on the basis of disability.

68. Defendant, by and through its agents and/or employees, violated the Americans with Disabilities Act, in one or more of the following ways:

    (a) In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

    (b) In that defendant discriminated against the plaintiff in such a way that it adversely affected her status as an employee including termination;

    (c) In that defendant terminated plaintiff's employment;

    (d) In that defendant treated the plaintiff adversely different from similarly situated employees;

 (e) In that defendant discriminated against the plaintiff for requiring a reasonable accommodation in the form of time off from work for medical appointments relating to her disability;

 (f) In that defendant intentionally discriminated against the plaintiff; and

 (g) In that defendant regarded plaintiff as being disabled.

 69. As a result of defendant's unequal treatment, discrimination, and termination, plaintiff has been deprived of his employment and equal employment opportunities because of his disability (actual or regarded as).

 70. As a further result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled to or would be entitled to under defendant's employee benefit plan.

 71. As a further result of defendant's discrimination, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

 72. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

 73. Defendant exhibited reckless indifference to the plaintiff's civil rights by terminating her employment because he was disabled (actual or regarded as).

**SECOND COUNT**
**(Failure to Accommodate in Violation of the ADA Amendments Act of 2008)**

 1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 73 as though fully set forth herein.

74. Defendant, by and through its agents, servants, and/or employees, violated the ADA Amendments Act of 2008 in one or more of the following ways.

(a) In that defendant denied the plaintiff a reasonable accommodation;

(b) In that defendant failed to initiate the interactive reasonable accommodation process with the plaintiff;

(c) In that defendant failed to engage, in good faith, in the interactive reasonable accommodation process with the plaintiff;

(d) In that defendant effectively denied a reasonable accommodation requested by the plaintiff by terminating plaintiff after she needed to see her treating doctor.

75. As a result of the failure to accommodate, plaintiff has been deprived of work and equal employment opportunities because of her disability.

76. As a further result of defendant's failure to accommodate, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which she was entitled to or would be entitled to under defendant's employee benefits plan, and interest.

77. As a further result of defendant's failure to accommodate, plaintiff has suffered severe emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

78. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's wrongful and discriminatory acts.

79. Defendant exhibited reckless indifference to the plaintiff's civil rights by failing to provide a reasonable accommodation.

## THIRD COUNT
### (Retaliation in Violation of the ADA Amendments Act of 2008)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 79 as though fully set forth herein.

80. Defendant, by and through its agents, servants, and/or employees, violated the ADA in one or more of the following ways.

   a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

81. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income and wages and benefits, and harm to her professional reputation.

82. As a further result of defendant's retaliation, plaintiff has suffered emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

83. Plaintiff has suffered and will continue to suffer harms and losses as a result of defendant's retaliatory acts.

84. Defendant exhibited reckless indifference to the plaintiff's civil rights by retaliating against him.

## FOURTH COUNT
### (Disability Discrimination In Violation of C.G.S. §46a-60(a)(1))

1. Plaintiff repeats the allegations in paragraphs 1 through 84 above as if fully incorporated herein.

85. Defendant's actions violate the Connecticut Fair Employment Practices Act,

which prohibits discrimination on the basis of disability.

86. Defendant, by and through its agents and/or employees, violated the CFEPA, in one or more of the following ways:

   a. In that defendant interfered with plaintiff's privilege of employment on the basis of plaintiff's disability;

   b. In that defendant discriminated against the plaintiff for requiring a reasonable accommodation;

   c. In that defendant discriminated against the plaintiff in such a way that adversely affected her status as an employee;

   d. In that defendant treated the plaintiff adversely different from similarly situated employees;

   e. In that defendant intentionally discriminated against the plaintiff;

   f. In that defendant terminated plaintiff because of her disability.

87. As a direct and proximate result of defendant's unequal treatment and discrimination, plaintiff has been deprived of her employment and equal employment opportunities because of her disability.

88. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income, wages, and benefits.

89. As a further result of defendant's discrimination of the plaintiff, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

90. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

91. The defendant exhibited ill will, malice, improper motive and/or reckless

indifference to the plaintiff's civil rights.

## FIFTH COUNT
### (Retaliation in Violation of C.G.S. §46a-60(a)(4))

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 91 as though fully set forth herein.

92. Defendant, by and through its agents, servants, and/or employees, violated the C.G.S. §46a-60(a)(1) in one or more of the following ways:

a. In that defendant retaliated against the plaintiff for requesting a reasonable accommodation.

93. As a result of defendant's retaliation, plaintiff suffered damages including: loss of income, wages and employee benefits, and harm to her professional reputation.

94. As a further result of defendant's retaliation, plaintiff has suffered severe humiliation, embarrassment, and emotional distress.

95. Plaintiff has suffered and will continue to suffer injuries as a result of defendant's retaliatory acts.

96. The defendant exhibited ill will, malice, improper motive, and/or reckless indifference to the plaintiff's civil rights by retaliating against her.

## SIXTH COUNT
### (Failure to Accommodate in Violation of the CFEPA)

1. Plaintiff repeats and re-alleges the allegations set forth above in Paragraphs 1 through 96 as though fully set forth herein.

97. Defendant, by and through its agents, servants, and/or employees, violated C.G.S. Sec. 46a-60(a)(1), in one or more of the following ways.

(a) In that defendant denied the plaintiff a reasonable accommodation;

(b) In that defendant failed to initiate an interactive reasonable accommodation process with the plaintiff;

(c) In that defendant failed to engage, in food faith, in the interactive reasonable accommodation process with the plaintiff;

(d) In that defendant effectively denied a reasonable accommodation requested by the plaintiff as the defendant terminated plaintiff for the disability-related absences that defendant had notice of prior to deciding to terminate.

98. As a result of defendant's unequal treatment, discrimination, and termination, plaintiff has been deprived of work and equal employment opportunities because of her disability.

99. As a further direct and proximate result of defendant's discrimination of the plaintiff, plaintiff has been deprived of income and wages, and has been deprived of access of certain benefits to which he was entitled to or would be entitled to under defendant's employee benefits plan, and interest.

100. As a further result of defendant's discrimination, plaintiff has suffered severe emotional pain, suffering, embarrassment, shame, inconvenience, mental anguish, loss of enjoyment of life, impairment of her personal and professional reputation, damage caused by the Plaintiff's loss of insurances and savings and investment opportunities, and other pecuniary and non-pecuniary losses.

101. Plaintiff has suffered and will continue to suffer injuries and losses as a result of defendant's wrongful and discriminatory acts.

## SEVENTH COUNT
### (Interference with the Exercise of Rights under the FMLA)

1. Plaintiff repeats and re-alleges the allegations set forth above as though fully set forth herein.

102. At all times material, plaintiff was an eligible employee as that term is defined by the Family and Medical Leave Act of 1993 (FMLA).

103. At all times material, defendant employed fifty (50) or more employees at plaintiff's former worksite for twenty or more weeks in 2015 and 2016 in an industry affecting interstate commerce. Accordingly, defendant is an employer covered by the FMLA.

104. Plaintiff's anxiety and depression is a serious health condition within the meaning of the FMLA.

105. Defendant was put on notice of a FMLA qualifying event.

106. Defendant, by and through its agents and/or employees, interfered with and violated plaintiff's rights under the FMLA in one or more of the following ways:

   (a) by failing to inform plaintiff of her right to FMLA;

   (b) by failing to classify plaintiff's absences as FMLA protected;

   (c) by terminating the plaintiff's employment;

107. As a direct and proximate result of defendant's interference, plaintiff suffered and sustained damages, including but not limited to: lost wages, lost employee and/or retirement benefits, and other expenses and financial losses that would not otherwise have been incurred.

108. Defendant's FMLA violation was willful.

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays for appropriate damages including: compensatory damages; damages for back pay, front pay, bonuses, personal days, liquidated damages, lost pension/employee/retirement benefits, emotional distress; reasonable attorneys' fees; costs; consequential damages; interest; prejudgment interest; post judgment interest; for an injunction requiring the removal of any and all adverse information contained in plaintiff's personnel file; job reinstatement; for a trial by jury; and for all other just and proper relief.

Hereof fail not but of this writ with your doings thereon make due service and return according to law.

Dated at Newington, Connecticut this 14th day of November, 2016.

_____
James V. Sabatini, Esq.
SABATINI AND ASSOCIATES, LLC
1 Market Square
Newington, CT 06111
Tel. No.: (860) 667-0839
Fax No.: (860) 667-0867
Email: jsabatini@sabatinilaw.com
CT19899

Please file our appearance
on behalf of the Plaintiff.

_____
James Sabatini

14

# EXHIBIT 1

# STATE OF CONNECTICUT
# COMMISSION ON HUMAN RIGHTS AND OPPORTUNITIES

**Mettaya Potter**
**COMPLAINANT**

CHRO No. 1640349

vs.

EEOC No. 16A201600788

**Maggie's Management Group, LLC**
**RESPONDENT**

## RELEASE OF JURISDICTION

The Commission on Human Rights and Opportunities hereby releases its jurisdiction over the above-identified complaint. The Complainant is authorized to commence a civil action against the Respondent in the Superior Court for the judicial district in which the discriminatory practice is alleged to have occurred, in which the Respondent transacts business or in which the Complainant resides. If this action involves a state agency or official, it may be brought in the Superior Court for the judicial district of Hartford.

A copy of any civil action must be served on the Commission by email at ROJ@ct.gov or, if you do not have access to email, at 25 Sigourney Street, Hartford, CT 06106 at the same time all other parties are served. **THE COMMISSION MUST BE SERVED BECAUSE IT HAS A RIGHT TO INTERVENE IN ANY ACTION BASED ON A RELEASE OF JURISDICTION.**

The Complainant must bring an action in Superior Court within 90 days of receipt of this release and within two years of the date of filing the complaint with the Commission unless circumstances tolling the statute of limitations are present.

**DATE:** August 16, 2016

Tanya A. Hughes, Executive Director

cc:  Complainant: Mettaya Potter, 185 Pine Street, Apt. 111, Manchester, CT 06040
    Complainant's Attorney: James V. Sabatini: jsabatini@sabatinilaw.com
    Respondent: n/a
    Respondent's Attorney: Margaret J. Strange: strangem@jacksonlewis.com
            Sarah R. Skubas: Sarah.Skubas@jacksonlewis.com
    Monica Richardson: CHRO

# EXHIBIT 2